UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

ELIZABETH FLINT                                              CV

                            Plaintiff,

            v.                                               COMPLAINT

ROCKAWAY BEACH LLC AND EMPIRE                                JURY TRIAL REQUESTED
MEDICAL OF ROCKAWAY BEACH P.C.

                            Defendants.
----------------------------------------------------------------x

## COMPLAINT

Plaintiff Elizabeth Flint (hereafter referred to as "plaintiff" or "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants Rockaway Beach LLC and Empire Medical of Rockaway Beach P.C. (together referred to as "defendants" or "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      Plaintiff is an individual with a mobility disability that uses a wheelchair to ambulate.

2.      Plaintiff files her lawsuit against Defendants as Defendants discriminate against her based on disability by providing plaintiff with a lower quality of care than it provides to non-disabled patients.

3.      In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against her, in violation of federal, state and local law.

4.      Defendants violate Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, Section 504 of

1

the Rehabilitation Act of 1973 ("Section 504") 29 U.S.C. § 794, *et seq,* the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York (''Administrative Code'').

5.     As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation, a medical practice facility that is inaccessible and that violates the above-mentioned laws.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

6.     Full and equal access to medical care and treatment is critical for persons with disabilities such as plaintiff.  Yet, based on disability, defendants provide plaintiff and other persons with disabilities a lower quality of care than it provides to non-disabled patients.

7.     This unequal treatment of persons with disabilities, including plaintiff, occurs because, among other things: plaintiff has to overcome gateway architectural barriers to enter the premises for treatment; clinicians and support staff are not provided the proper training and support on interacting with and caring for persons with disabilities; adaptable, accessible equipment is not available; patients using wheelchairs are examined while seated in their wheelchairs when the non-disabled are examined on a table for the same medical conditions; patients using wheelchairs are not accurately weighed, if weighed at all, failure to provide assistance with transferring patients and/or failure to provide safe assistance with transferring patients; patients using wheelchairs are

2

not automatically provided with an accessible examination room; and staff fail to reserve an accessible examination room for appointments with patients using wheelchairs.

8.      These failures and the lack of accessible equipment lead to compromised care for patients with mobility disabilities.  For example, gateway barriers deter plaintiff and other patients with disabilities from seeking treatment.  Furthermore, without accessible scales, patients who use wheelchairs that overcome the gateway barriers cannot be weighed accurately, which can result in incorrect calculations of medicine dosages and imprecise assessments of disease risk.  Without height adjustable exam tables, patients who use wheelchairs and who cannot otherwise transfer to a standard exam table receive incomplete medical examinations while seated in their mobility device, subjecting them to greater risk of missed diagnosis.  And without accessible rooms that patients can fit into and close the door, patients feel inhibited in discussing their medical conditions, further inhibiting treatment.

9.      Because Defendants treat her unequally based on disability, plaintiff is afraid for her personal safety when treated by Defendant's staff and feels frustrated, humiliated and angry that Defendants do not provide her with the same quality of medical care as they provide to the non-disabled.

10.     Defendant has failed to implement comprehensive policies, practices and procedures to make its facilities and services accessible to plaintiff.

11.     Defendants' failure to meet their legal obligations and remove barriers at their facility has resulted in a two-tiered system of health care that relegates people with disabilities to substandard and inferior treatment.

12.     Defendants' ongoing pattern of systemic discrimination denies plaintiff

and other similarly disabled persons of their right to equal opportunity under federal, and state statutes, including the "full and equal enjoyment" guarantee of Title III of the Americans with Disabilities Act; and the "program access" requirement under Section 504 of the Rehabilitation Act.

13.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  See the U.S. Department of Justice publication entitled "Access to Medical Care For Individuals With Mobility Disabilities" available at http://www.ada.gov/medcare_mobility_ta/medcare_ta.htm.

14.      The day has come for Defendants to accept responsibility.  This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation and facility fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled patients.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA and Section 504.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation and facility that is the subject of this action is located in this district.

## PARTIES

17.     At all times relevant to this action, Plaintiff Elizabeth Flint has been and remains currently a resident of the State and City of New York.

18.     At all times relevant to this action, Plaintiff Elizabeth Flint has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

19.     Defendant Rockaway Beach LLC owns the property located at 88-20 Rockaway Beach Blvd in Queens County, New York (hereinafter referred to as "88-20 Rockaway Beach Blvd").

20.     At all relevant times, defendant Empire Medical of Rockaway Beach P.C. operates and/or leases from the defendant Rockaway Beach LLC property located at 88-20 Rockaway Beach Blvd in which it operates its medical practice (hereinafter referred to as the "Empire Medical" premises).

21.     Upon information and belief, Rockaway Beach LLC and Empire Medical of Rockaway Beach P.C. have a written lease agreement.

22.     Each defendant is licensed to and does business in New York State.

23.     Defendant Empire Medical of Rockaway Beach P.C. operates medical facilities throughout the boroughs of New York City, New York, specifically one in New York County, two in Queens County and one in Kings County.

24.     At all times relevant to this action, plaintiff Elizabeth Flint been a patient of defendant Empire Medical of Rockaway Beach P.C. at the Empire Medical premises and has received medical care at the Empire Medical premises.

25.     To obtain a medical examination at the Empire Medical premises, plaintiff must first overcome gateway barriers such as an inaccessible entrance.

26.     Once plaintiff manages to get inside, she must contend with inaccessible exam rooms.

27.     Once plaintiff manages to get inside an inaccessible exam room, she must also contend with inaccessible medical equipment such as inaccessible clinical scales and medical examination tables.

28.     Because plaintiff is unable to independently stand, she cannot transfer onto the medical examination table or a clinical scale without assistance.

29.     Plaintiff therefore requires assistance to transfer to and from the medical examination table and to and from the clinical scale.

30.     Defendant Empire Medical of Rockaway Beach P.C. does not provide any staff to assist plaintiff in transferring to and from the medical examination table or the clinical scale.

31.     Defendant Empire Medical of Rockaway Beach P.C.s has been asked by plaintiff to provide assistance to plaintiff in transferring to and from the medical examination table to no avail.

32.     Because defendant Empire Medical of Rockaway Beach P.C. fails to provide assistance to plaintiff in transferring to and from the medical examination table and/or the clinical scale, the medical professionals at the Empire Medical premises fail to accurately record her weight, and they also conduct examinations of plaintiff while she is in her chair.

33.     Upon information and belief, defendant Empire Medical of Rockaway Beach P.C. performs medical examinations on the examination table for non-disabled patients receiving similar medical treatment to plaintiff.

34.     Upon information and belief, defendant Empire Medical of Rockaway Beach P.C. weighs non-disabled patients receiving similar medical treatment to plaintiff.

35.     Despite knowing that plaintiff is disabled and requires an accessible examination room, defendant Empire Medical of Rockaway Beach P.C. fails to reserve an accessible examination room for plaintiff's appointments.

36.     Defendant Empire Medical of Rockaway Beach P.C.'s inaccessible medical practice and failure to accommodate plaintiff deters plaintiff from utilizing the defendants services at the Empire Medical premises.

37.     Plaintiff desires to receive treatment from Defendant Empire Medical of Rockaway Beach P.C. but has been deterred from doing so because of the architectural barriers and the lack of assistance provided to plaintiff.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

38.     Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Empire Medical premises located at 88-20 Rockaway Beach Blvd, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

39.     The Empire Medical premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL

(Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102) as it is a facility operated by a private entity and its operations affect commerce.

40.     Numerous architectural barriers exist at the Empire Medical premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the entrance, exit and paths of travel.

41.     Ineffective policies and procedures at the Empire Medical premises for responding to the accommodation needs of patients with disabilities has denied plaintiff the goods, services, facilities, privileges, advantages and accommodations of the Empire Medical premises.

42.     Upon information and belief, at some time after January 1992, alterations were made to 88-20 Rockaway Beach Blvd, including areas adjacent and/or attached to 88-20 Rockaway Beach Blvd.

43.     Upon information and belief, at some time after January 1992, alterations were made to the Empire Medical premises, and to areas of 88-20 Rockaway Beach Blvd related to the Empire Medical premises.

44.     Within the past three years of filing this action, Plaintiff visited and attempted to and desired to access the Empire Medical premises.

45.     The services, features, elements and spaces of the Empire Medical premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D  (hereinafter referred to as the "2010 Standards" or the "2010 ADA")

46.     Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to Defendants' place of public accommodation.

47.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std") and the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014 Ref Std").

48.     The services, features, elements and spaces of defendant's facility are not readily accessible to, or usable by plaintiff as required by the Section 504 of the Rehabilitation Act as it was not designed, constructed or altered in conformance with the Uniform Federal Accessibility Standards ("UFAS").

49.     Barriers to access that Plaintiff encountered and/or which, upon information and belief, deter Plaintiff from patronizing the Empire Medical premises as well as architectural barriers that exist include, but are not limited to, the following:

I.      An accessible route is not provided from the public street and sidewalk to the building entrance.
        *Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II.    The public entrance to the Empire Medical premises is not accessible.
*Defendants fail to provide that at least 50% of all its public entrances are accessible.  See 1991 ADA § 4.1.3(8)(a)(i).*
*Defendants fail to provide that at least 60% of all its public entrances are accessible.  See 2010 ADA § 206.4.1.*
*Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
*Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

III.    Maneuvering clearances for opening the entrance door to the Empire Medical premises is not provided.
*Defendants fail to provide that floor or ground surface within required maneuvering clearances at doors shall have slopes not steeper than 1:48 (2.0%) and changes in level are not permitted. 60 inches perpendicular to the door for 18 inches parallel to the door beyond the latch is required for a forward approach to the pull side of a door, or 54 inches perpendicular to the door for 24 inches parallel to the door beyond the latch is required for a latch approach to the pull side of a door. See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

IV.    The entrance to the Empire Medical premises has a ramp lacking handrails on both sides.
*Defendants fail to provide handrails on both sides of the ramps.  See 1991 ADA §4.8.5; 2010 ADA §405.8; 1968 Ref Std § 4.8.5; 2008 Ref. Std § 505.2; and 2014 Ref. Std § 505.2.*

V.    The entrance to the Empire Medical premises has a ramp lacking edge protection.
*Defendants fail to provide the required edge protection at accessible ramps. See 1991 ADA § 4.8.7; 2010 ADA § 405.9; 1968 Ref Std § 4.8.7; 2008 Ref Std § 405.9; and 2014 Ref Std § 405.9.*

VI.    No signage identifies an accessible entrance to the Empire Medical premises (to the extent Defendants claim they provide an accessible public entrance).
*Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); 4.1.6(1)(h); 2010 ADA §§ 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; and 2014 BC §§ 1101.3.4; and 1110.*

VII.    There is no directional signage at the inaccessible entrance to the Empire Medical premises that indicates the location of an accessible entrance (to the extent Defendants claim they provide an accessible entrance).

*Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6. Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*
*Defendants fails to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; and 2014 BC §§ 1101.3.3; and 1110.2.*

VIII.   The patient examination rooms are not accessible to wheelchair users. *Defendants fail to provide accessible examination rooms.  See 1991 ADA § 4.1.1(1); 2010 ADA § 201.1; 1968 BC § 27-292.1; 2008 BC § 1103.1; and 2014 BC § 1103.1.*

IX.   Maneuvering clearances to the examination rooms are not provided. *The doorway at the exam rooms lack sufficient maneuvering clearances for an approach.  See 1991 ADA § 4.13.6; 2010 ADA § 404.2.4; 1968 Ref Std § 4.13.6; 2008 Ref Std § 404.2.3; and 2014 Ref Std § 404.2.3.*

X.   There is no accessible turning space in the examination rooms. *Defendants fail to provide the minimum required turning space of 60 inches in diameter within the examination rooms.  See 1991 ADA § 4.2.3; 2010 ADA § 304.3; 1968 Ref Std § 4.2.3; 2008 Ref Std § 304.3, and 2014 Ref Std § 304.3.*

50.   Upon information and belief, a full inspection of the Empire Medical premises will reveal the existence of other barriers to access.

51.   As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Empire Medical premises in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

52.   Because of defendant's failure to comply with the above-mentioned laws, including but not limited to UFAS, plaintiff was and has been denied the benefits of defendant's facility.

53.     Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

54.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

55.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Empire Medical premises continue to exist and deter Plaintiff.

56.     Plaintiff would utilize the Empire Medical premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, UFAS and the Administrative Code.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

57.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

58.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

59.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. § 36.201(b).

60.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. § 36.201(b).

61.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have disparately impacted plaintiff as well.  See the U.S. Department of Justice publication entitled "Access To Medical Care For Individuals With Mobility Disabilities" available at http://www.ada.gov/medcare_mobility_ta/medcare_ta.htm..

62.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

63.     Defendants have discriminated against plaintiff by failing to modify their policies, procedures, and practices in a reasonable manner, when such modifications are necessary to ensure equal access for individuals with physical disabilities. 42 U.S.C. § 12182 (b)(2)(A)(ii).

64.     Defendants have discriminated against plaintiff by providing goods, services, facilities, privileges, advantages, or accommodations that are different or separate from that provided to other individuals. 42 U.S.C. § 12182(b)(l)(A)(iii).

65.     Defendants have also discriminated against the Plaintiff by altering a place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.402(a)(1) and 42 U.S.C. § 12183(a)(2).

66.     The Empire Medical premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

67.     Upon making alterations to its public accommodation defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

68.     Upon making alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

69.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

70.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

71.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

72.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

73.     Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation. Unless restrained from doing do so, defendants will continue to violate the law. And through their conduct, defendants have caused and will continue to cause plaintiff immediate and irreparable injury.

**SECOND CAUSE OF ACTION**
**(Violations of the Section 504 of the Rehabilitation Act)**

74.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

75.     Section 504, and the regulations promulgated thereunder, prohibit discrimination against people with disabilities by recipients of federal funding. Section 504 provides, in pertinent part, that:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

76.     Section 504 defines "[p]rogram or activity" in part as "an entire corporation, partnership, or other private organization, or an entire sole proprietorship . . . which is principally engaged in the business of providing . . . health care." 29 U.S.C. § 794(b)(3)(A)(ii).

77.     Upon information and belief, defendant Empire Medical of Rockaway Beach P.C. has received federal financial assistance at all relevant times.

78.     Through the acts and omissions alleged herein, defendant Empire Medical of Rockaway Beach P.C. has, solely because of plaintiff's disabilities, excluded plaintiff from participation in defendants' programs and activities and denied plaintiff the benefits

of defendant's programs and activities, and subjected plaintiff to discrimination in violation of 29 U.S.C. § 794, *et. seq.* and the regulations promulgated thereunder.

79.     Defendant Empire Medical of Rockaway Beach P.C.'s acts and omissions described herein violate the equal access and nondiscrimination provisions of Section 504 and the regulations promulgated thereunder, and have resulted in injury to plaintiff.

80.     Defendant Empire Medical of Rockaway Beach P.C. acted with deliberate indifference to plaintiff's rights guaranteed under Section 504.

81.     Defendant Empire Medical of Rockaway Beach P.C. has had actual knowledge of the discrimination due to, among other things, the open and obvious nature of the discriminatory condition and deliberately decided not to address the discrimination and institute corrective measures.

82.     As a proximate result of defendant Empire Medical of Rockaway Beach P.C.'s violations of Section 504, plaintiff has been injured and continues to be injured, as set forth herein in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

83.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

84.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

85.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed

liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

86.    By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

87.    Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

88.    Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants have aided and abetted others in committing disability discrimination.

89.    Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

90.    In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

91.    It would be readily achievable to make Defendants' place of public accommodation fully accessible.

92.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

93.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

94.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

95.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

96.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

97.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

18

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

98.     Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

99.     Defendants have and continue to commit disability discrimination in violation of the NYCHRL (including the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA and Section 504 as alleged herein.

100.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

101.     Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

102.     Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

103.    In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

104.    Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk.  As a result, Rockaway Beach LLC continuously controlled, managed, and operated the public sidewalk abutting 88-20 Rockaway Beach Blvd, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

105.    Defendant Rockaway Beach LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

106.    Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

107.    Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of

policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

108.    Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

109.    Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

110.    As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

111.    Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

112.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

113.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so

reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

114.     By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

115.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

116.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

117.     Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

118.     Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

119.     Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## INJUNCTIVE RELIEF

120.     Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

121.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

122.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Section 504 of the Rehabilitation Act, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.  Enter declaratory judgment declaring that (i) defendant Empire Medical of Rockaway Beach P.C. has violated Section 504 of the Rehabilitation Act, and (ii) Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL, and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.  Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C.  Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.   Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E.   Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F.   Award to plaintiff punitive damages in order to punish and deter the defendant Empire Medical of Rockaway Beach P.C. for its violations of the Section 504;

G.   Award Plaintiff the monetary damages for each and every barrier and violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

H.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA. Section 504, the NYSHRL and the NYCHRL; and

I.   For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: July 28, 2022
New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:___/s_____
Robert G. Hanski, Esq.
Attorneys for Plaintiff
40 Worth Street, Suite 602
New York, New York 10013
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email: rgh@parkerhanski.com